**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI**

| | | |
|---|---|---|
| TOTAL QUALITY LOGISTICS, LLC, | : | Case No. 1:25-cv-24 |
| | : | |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | |
| v. | : | |
| | : | |
| KCH TRANSPORTATION, INC., et al., | : | |
| | : | |
| Defendants. | : | |

---

### ORDER AND OPINION

---

This matter is before the Court on Plaintiff's Combined Motion to Compel Arbitration of Defendant's Counterclaims and Motion to Remand all Remaining Claims (Doc. 8). Defendants filed a Response in Opposition (Doc. 9), to which Plaintiff filed a Reply in Support (Doc. 11). For the following reasons, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion (Doc. 8).

### BACKGROUND

On December 18, 2024, Plaintiff Total Quality Logistics, LLC filed a Verified Complaint against Defendants KCH Transportation, Incorporated, Max Fusco, and Preston Larsen in the Court of Common Pleas for Clermont County, Ohio. (Ver. Compl., Doc. 4.) Specifically, Plaintiff brings state law claims for breach of contract, tortious inference with contracts, misappropriation of trade secrets, replevin, and conversion. (*Id.*) On January 21, 2025, Defendants removed the matter to this Court on diversity jurisdiction grounds. (Notice of Removal, Doc. 1, Pg. ID 2-3.) That same day, Defendants

filed an answer in this Court, as well as a counterclaim under the Fair Labor Standards Act. (Answer and Counterclaim, Doc. 2.) On February 11, 2025, Plaintiff filed its Combined Motion to Compel Arbitration of Defendant's Counterclaims and to Remand All Remaining Claims (Doc. 8).

## LAW AND ANALYSIS

Plaintiff seeks to compel arbitration of Defendants' counterclaims and for all remaining claims to be remanded to state court. (*See* Motion, Doc. 8.) These questions are intertwined, so the Court considers them together.

On a motion to remand, the question is whether the district court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c). The party removing the action to federal court bears the burden of showing that the district court has original jurisdiction over the action. *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000). Courts construe the removal statute strictly in favor of state court jurisdiction and resolve doubts in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

Federal diversity jurisdiction involves suits in which the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). A plaintiff may seek to remand a case that has been removed on diversity jurisdiction grounds back to state court by filing a "stipulation that clarifies that the amount in controversy is less than the jurisdictional threshold." *Total Quality Logistics, LLC v. Summit Logistics Grp., LLC*, 606 F. Supp. 3d 743, 748 (S.D. Ohio 2022). "So long as the language of the stipulation is sufficiently unequivocal and binding, that stipulation deprives the federal court of

subject matter jurisdiction." *Id.* (citing *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469-70 (6th Cir. 2019)). After all, a plaintiff is the master of its complaint and may plead or stipulate to avoid federal jurisdiction. *Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007).

> Here, Plaintiff filed a stipulation that provides, in part:

> [Plaintiff] hereby stipulates that the relief it seeks in this action, and will accept, as to any defendant is limited in this action to judgment of the following in a cumulative amount that is less than $75,000.00, inclusive of compensatory damages, punitive damages, attorney's fees, and the fair value of any injunctive relief. This Stipulation includes all of the relief sought in TQL's Verified Complaint . . . .

(Plaintiff's Stipulation, Doc. 8-1, Pg. ID 180.)

The Court finds that Plaintiff's stipulation unequivocally limits the amount in controversy in this case to no more than $75,000. This conclusion—which neither party disputes—comports with several of this Court's previous rulings concerning similarly worded stipulations. *See, e.g., Total Quality Logistics, LLC v. Choephel*, No. 1:23-CV-536, 2024 WL 1251092, at *2 (S.D. Ohio Mar. 22, 2024) (collecting cases). Thus, the Court lacks subject matter jurisdiction over the claims in Plaintiff's Complaint.

While all parties agree that the claims in Plaintiff's Complaint should be remanded, the parties disagree over whether this Court possesses subject matter jurisdiction over Defendant's counterclaim. (Motion, Doc. 8, Pg. ID 169-174; Response, Doc. 9, Pg. ID 196-98.) Specifically, Plaintiff contends that the Court has jurisdiction to determine the arbitrability of Defendant's counterclaim because it arises under a federal question—the Fair Labor Standards Act. (Reply, Doc. 11, Pg. ID 202; *see also* Counterclaim,

3

Doc. 2, Pg. ID 92-95.) Federal courts have original jurisdiction over claims arising under the laws of the United States. *See* 28 U.S.C. § 1331. A counterclaim, however, "cannot serve as the basis for 'arising under' jurisdiction." *Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *see also Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007) (explaining that it is "well settled that federal counterclaims and defenses are inadequate to confer federal jurisdiction") (quotation omitted). Thus, the Court lacks subject matter jurisdiction over this entire matter. As remand is proper, the Court denies Plaintiff's Motion to Compel Arbitration of Defendants' Counterclaims as moot.

## CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1) Plaintiff's Combined Motion to Compel Arbitration of Defendants' Counterclaims and Motion to Remand all Remaining Claims (Doc. 8) is **GRANTED IN PART AND DENIED IN PART**;

   a. Plaintiff's Motion to Remand is **GRANTED**. This entire matter is **REMANDED** to the Court of Common Pleas for Clermont County, Ohio;

   b. Plaintiff's Motion to Compel Arbitration of Defendants' Counterclaims is **DENIED AS MOOT** because the Court lacks subject matter jurisdiction; and

2) This matter is **TERMINATED** from the Court's docket.

   **IT IS SO ORDERED.**

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____

JUDGE MATTHEW W. McFARLAND